[No. 31895. Department Two. February 7, 1952 ]

NEVA F. GNASH, *Appellant,* v. ARTHUR E. SAARI *et al.,*
*Respondents.*[1]

*W. H. Cook* and *Peter A. McDonald,* for appellant.

*George R. Mosler* and *Charles H. Heighton,* for respondents.

OLSON, J.—This appeal questions the propriety of the dismissal of appellant's action, with prejudice, by the trial court on its own motion.

Appellant sued for damages, praying for a reduction in the purchase price of certain real estate which she contracted to purchase from respondents under an executory contract for a warranty deed conveying title free of encumbrances.

During the cross-examination of appellant, who was the first witness called in support of her case, her counsel objected to a question put to her by the cross-examiner regarding representations made to her by respondents. The ground of the objection was that the representations were immaterial because the contract bound respondents to give appellant good title to the property, and that the only question before the court was whether or not the title was encumbered.

The court indicated its readiness to rule that there was no encumbrance upon the title, but suggested that there

[1]Reported in 240 P. (2d) 930.

might be a recovery in damages for certain claimed misrepresentations. The court discussed the matter with appellant's counsel, and finally counsel stated that, if the ruling indicated was made upon the question of the encumbrance, there was no use to continue further. The matter of possible misrepresentation was then considered, and the court decided that there had been no misrepresentation and that the case would be dismissed.

At the time this ruling was made, only a portion of appellant's case had been submitted. Neither of the parties moved for dismissal. Respondents contend that this dismissal on the court's own motion is authorized by statute, the pertinent section being RCW 4.56.120(3), Rem. Rev. Stat., § 408, subd. 4, ". . . when, upon the trial and before the final submission of the case, the plaintiff abandons it. . . ."

But, assuming that appellant had abandoned her cause and that the judgment of nonsuit was proper, it should not have been with prejudice, in view of RCW 4.56.140, Rem. Rev. Stat., § 410, reading as follows:

"When judgment of nonsuit is given, the action is dismissed, but such judgment shall not have the effect to bar another action for the same cause."

The cause is remanded, with instructions to the trial court to modify the judgment accordingly.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.